IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY J. BLAIR                                                                      PLAINTIFF

vs.                                    Civil No. 6:19-cv-06010

COMMISSIONER, SOCIAL                                         DEFENDANT
SECURITY ADMINISTRATON

**MEMORANDUM OPINION**

Anthony J. Blair ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability application on September 10, 2014. (Tr. 15). In this application, Plaintiff alleges being disabled due to an injured foot, back problems, right arm problems, neck problems, vision problems, high blood pressure, anxiety, a mitral valve prolapse,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

and kidney problems. (Tr. 190). Plaintiff alleges an onset date of October 10, 2010. (Tr. 15). This application was denied initially and again upon reconsideration. (Tr. 66-100).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 31-65). On July 17, 2017, the SSA held an administrative hearing in Little Rock, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Mr. Reed.[2] *Id.* Plaintiff and Vocational Expert ("VE") Euchay Horsman testified at this hearing. *Id.*

On November 22, 2017, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-28). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 10, 2014, his application date. (Tr. 17, Finding 1). The ALJ determined Plaintiff had the following severe impairments: residuals of left shoulder surgery; residuals of right foot surgery; cervical spondylosis; degenerative disc disease of the lumbar spine; and hypertension. (Tr. 17-18, Finding 2). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-22, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can occasionally climb ramps and stairs, balance, stoop,

---

[2] Mr. Reed's first name was not included in the transcript.

>     kneel, crouch and crawl.  He can occasionally reach overhead and push and/or pull
>     with the upper and lower extremities.

*Id.*

The ALJ found Plaintiff was fifty (50) years old on the date his application was filed. (Tr. 22, Finding 6). Such a person is defined as an "individual closely approaching advanced age" under 20 C.F.R. § 416.963(c). *Id.* The ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 22, Finding 7).

The ALJ evaluated his Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 22, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) vegetable sorter (light, unskilled) with approximately 38,000 such jobs nation-wide; and (2) poultry boner (light, unskilled) with approximately 140,000 such jobs nation-wide. (Tr. 23). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since September 10, 2014, the date his application was filed. (Tr. 23, Finding 10).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On July 13, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 6-9). On January 28, 2019, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 1, 2019. ECF No. 7. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred by failing to obtain an explanation about the possible conflict between the VE's testimony and the *Dictionary of Occupational Titles (DOT);* and (B) the ALJ erred by mischaracterizing the medical evidence of record in assessing his credibility. ECF No. 12 at 1-20. Because the Court finds the ALJ erred by failing to obtain an explanation about the possible conflict between the VE's testimony and the DOT, the Court will only address Plaintiff's first argument for reversal.

The ALJ has an affirmative responsibility to resolve "any possible conflict" between VE evidence and the DOT. *See Kemp ex rel. Kemp v. Colin,* 743 F.3d 630, 634 (8th Cir. 2014). In the present action, the ALJ questioned the VE regarding occupations in the national economy a

hypothetical person with Plaintiff's limitations could perform. (Tr. 64). In her hypothetical to the VE, the ALJ noted a person with Plaintiff's limitations could only "*occasionally* push and pull with the upper extremities and lower extremities." (Tr. 61) (emphasis added). In response to this hypothetical, the VE identified two "light" occupations, vegetable sorter and poultry boner, that Plaintiff could perform. (Tr. 63). The ALJ asked the VE if her testimony was consistent with the DOT: "Q: . . . And your testimony today, Ms. Horsman, is it consistent with the Dictionary of Occupational Titles? A: Yes, ma'am." *Id.*

In the DOT, however, "light" work involves "[e]xerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force *frequently*, and/or a negligible amount of force constant . . . to move objects." *Dictionary of Occupational Titles,* Appendix C (IV) (b) & (c) (emphasis added). Such an exertion of force includes "pushing" and "pulling." *Id.* Thus, based upon the DOT, it appears that to perform the "light" occupations the VE identified, Plaintiff would be required to perform far more than the "occasional" pushing and pulling as described in the ALJ's hypothetical to the VE and would, at times, be required to perform "frequent" exertions of force, including pushing and pulling.

Indeed, because this appears to be a possible conflict between VE evidence and the DOT, the ALJ was under a duty to specifically inquire as to that conflict, and she did not. Accordingly, the VE's testimony does not supply substantial evidence supporting the ALJ's decision.

4. **Conclusion:**

Based on the foregoing, and because the ALJ did not seek an explanation about the possible conflict between the VE's testimony and the DOT, the Court finds the ALJ's disability determination is not supported by substantial evidence in the record in this case. As such, this case

is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of January 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE